1  McGREGOR W. SCOTT
   United States Attorney
2  COURTNEY J. LINN
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, California  95814
4  Telephone No. (916) 554-2700

5

6

7

8          IN THE UNITED STATES DISTRICT COURT FOR THE

9              EASTERN DISTRICT OF CALIFORNIA

10

11 UNITED STATES OF AMERICA,      )   1:04-CV-06594 REC LJO
                                  )
12              Plaintiff,        )   FINAL JUDGMENT OF FORFEITURE
                                  )
13      v.                        )
                                  )
14 REAL PROPERTY LOCATED AT 5340  )
   HAWVER ROAD, MOKELUMNE HILL,   )
15 CALAVERAS COUNTY, CALIFORNIA,  )
   APN: 016024057000, INCLUDING   )
16 ALL APPURTENANCES AND          )
   IMPROVEMENTS THERETO,          )
17                                )
                Defendant.        )
18 _____)
                                  )
19 WESLEY ROBERT CROSIAR, and     )
   CONNIE JUNE CROSIAR            )
20                                )
                Claimants.        )
21 _____)

22      Pursuant to the Stipulation for Final Judgment of Forfeiture

23 filed herein, the Court finds:

24      1.  This is a civil forfeiture action against certain real

25 property listed in the caption above.  The real property is more

26 particularly described in Exhibit A, attached hereto and

27 incorporated herein by reference.

28      2.  A Complaint for Forfeiture In Rem was filed on November 22,

                            1

1  2004, seeking the forfeiture of the defendant real property,

2  alleging that said property is subject to forfeiture to the United

3  States of America pursuant to 21 U.S.C. § 881(a)(7).

4      3.  On January 10, 2005, the defendant real property was posted

5  with a copy of the complaint and notice of complaint.

6      4.  On January 28, February 4 and 11, 2005, a Public Notice of

7  Posting of defendant property appeared by publication in <u>Calaveras

8  Enterprise</u>, a newspaper of general circulation in the county in

9  which the defendant real property is located (Calaveras County).

10     5.  In addition to the Public Notice of Posting having been

11 completed, actual notice or attempted notice was acknowledged by the

12 following:

13          a. Wesley Robert Crosiar

14          b. Connie June Crosiar

15          c. Central Sierra Child Support Agency

16          d. Amador County Family Support Division

17          e. John C. Houg & Mitzi C. Houg [1]

18     6.  Wesley Robert Crosiar and Connie June Crosiar have filed

19 verified claims and answers alleging an interest in the defendant

20 real property.  Central Sierra Child Support Agency filed verified

21 claims alleging an interest in the defendant real property.  Central

22 Sierra Child Support Agency filed a Withdrawal of Verified Claim on

23 September 8, 2005.

24     7.  No other parties have filed claims or answers in this

25 matter and the time for which any person or entity may file a claim

26

27      [1]  Attempts to notice John C. Houg and Mitzi C. Houg have been returned to
   the U.S. Attorney's Office with no forwarding address.  Claimants Wesley Robert
28 Crosiar and Connie June Crosiar represent and warrant that the recorded lien
   interests of John C. Houg and Mitzi C. Houg have been fully satisfied.

1  and answer has expired.

2      Based on the above findings, and the Court being otherwise
3  fully advised in the premises, it is hereby

4      ORDERED AND ADJUDGED:

5      8.  The Court adopts the Stipulation for Final Judgment of
6  Forfeiture entered into by and between the parties to this action.

7      9.  Claimants Wesley Robert Crosiar and Connie June Crosiar
8  shall have 90 days from entry of this Final Judgment of Forfeiture
9  to effectuate and complete a sale of the defendant real property in
10 a commercially reasonable manner, using the services of a reputable
11 title/escrow company.  Claimants Wesley Robert Crosiar and Connie
12 June Crosiar shall instruct the title/escrow company handling the
13 sale to send a check for $25,000.00 from the net proceeds made
14 payable to the U.S. Marshals Service and sent to the U.S. Attorney's
15 Office, Att: Asset Forfeiture Unit, 501 I Street, Suite 10-100,
16 Sacramento, CA 95814.  All right, title, and interest in said funds
17 shall be substituted for the defendant real property and forfeited
18 to the United States pursuant to 21 U.S.C. § 881(a)(7), to be
19 disposed of according to law.

20     10.  Claimants shall inform the U.S. Attorney's Office once an
21 offer has been accepted and provide contact information for the
22 Title company handling the sale.  The government shall take all
23 necessary steps to send a Withdrawal of Lis Pendens that can be
24 recorded with the close of escrow.

25     11.  If claimants Wesley Robert Crosiar and Connie June Crosiar
26 are not able to complete a sale of the defendant real property by
27 the 90th day after entry of this Final Judgment of Forfeiture, the
28 U.S. Marshals Service shall list the defendant real property for

sale.  The U.S. Marshals Service shall have sole authority to select the means of sale, including sale by internet or through a licensed real estate broker, and shall have sole authority over the marketing and sale of defendant real property.

12.  The U.S. Marshals Service shall have the real property appraised by a licensed appraiser of its choosing.  The U.S. Marshals Service and the appraiser may have access to the defendant real property and structures, buildings, or storage sheds thereon upon 24 hours telephonic notice.

13.  If necessary, the U.S. Marshals Service, and any real estate broker employed by the U.S. Marshals Service, shall have the right to put a "lock box" on the property to facilitate the marketing and sale of the property.

14.  The following costs, expenses and distributions shall be paid in escrow from the gross sales price in the following priority and to the extent funds are available:

      (a)  The costs incurred by the U.S. Marshals Service to the date of close of escrow, including the cost of posting, service, advertising, and maintenance.

      (b)  Any unpaid real property taxes, which shall be prorated as of the date of the entry of the Final Judgment of Forfeiture.

      (c)  A real estate commission not to exceed the U.S. Marshals Service contractual brokerage fee.

      (d)  The seller shall pay any county transfer taxes.

      (e)  To the United States of America, the lesser of: 50% of the funds remaining after payments

4

pursuant to ¶ 14(a) thru (d) or $25,000.00. All right, title, and interest in said funds shall be substituted for the defendant real property and forfeited to the United States pursuant to 21 U.S.C. § 881(a)(7), to be disposed of according to law.

(f)   To Claimants Wesley Robert Crosiar and Connie June Crosiar all funds remaining after payments pursuant to ¶ 14(a) thru (e).

15.   Any liens or encumbrances against defendant real property that appear on record subsequent to the recording of plaintiff's <u>lis pendens</u> on November 30, 2004, and prior to entry of the Final Judgment of Forfeiture herein may be paid out of escrow.

16.   The costs of a lender's policy of title insurance (ALTA policy) shall be paid for by the buyer.

17.   All loan fees, "points" and other costs of obtaining financing shall be paid for by the buyer of the defendant property.

18.   Each party shall execute all documents necessary to close escrow, if such signatures are required by the title insurer.

19.   All parties hereby release plaintiff United States of America and its servants, agents, and employees from any and all liability arising out of or in any way connected with the posting, forfeiture, or sale, of defendant real property. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said posting, forfeiture, or sale, as well as to those now known or disclosed. The parties waive the provisions of California Civil Code § 1542.

20.   Claimants Wesley Robert Crosiar and Connie June Crosiar

5

shall maintain the defendant property in the same condition and repair as existed as of the date of the posting, normal wear and tear excepted, until they have vacated the premises.  The term "maintain" shall include, but is not limited to, keeping the property free of hazard and structural defects; keeping all heating, air conditioning, plumbing, electrical, gas, oil, or other power facilities in good working condition and repair; keeping the property clean and performing such necessary sanitation and waste removal; keeping the property in good condition by providing for lawn and yard maintenance; and other ordinary and necessary items of routine maintenance.

21.  Until the sale of the defendant real property, claimants Wesley Robert Crosiar and Connie June Crosiar shall maintain all insurance policies currently in effect with respect to the property, including policies covering liability to persons injured on said property and for property damage to the defendant real property. Claimants Wesley Robert Crosiar and Connie June Crosiar shall arrange for the inclusion of a rider to all of the above-mentioned policies naming the U.S. Marshals Service as the primary beneficiary of the insurance policy.

22.  Until the sale of the defendant real property, or until otherwise required to vacate the property, claimants Wesley Robert Crosiar and Connie June Crosiar shall allow the U.S. Marshals Service personnel, or its agent, the right to enter and inspect the property and all buildings thereon on a monthly basis upon 24 hours telephonic notice.

23.  Except as specifically provided herein, claimants Wesley Robert Crosiar and Connie June Crosiar shall not convey, transfer,

6

1   encumber, lien, or otherwise pledge defendant real property without

2   the prior, written approval of the United States.

3       24.   Claimants Wesley Robert Crosiar and Connie June Crosiar

4   shall vacate defendant real property within ninety (90) days of

5   entry of this Final Judgment of Forfeiture.  Claimants further shall

6   remove all of their personal possessions, and the personal

7   possessions of any former occupant, including all vehicles,

8   furniture, and trash, and to leave the property clean and in the

9   same state of repair as the property was on the date it was posted.

10  Any and all of claimant's personal possessions, and the personal

11  possessions of any former occupant, not removed within thirty (30)

12  days prior to the close of escrow will be disposed of by the United

13  States without further notice.  Any cost incurred by the United

14  States to evict claimants or for disposal of personal possessions

15  shall be deducted from the payment to claimants Wesley Robert

16  Crosiar and Connie June Crosiar as set forth in ¶ 14(f) above.

17      25.   There was reasonable cause for the posting of defendant

18  property, and the Court may enter a Certificate of Reasonable Cause

19  pursuant to 28 U.S.C. § 2465.

20      26.   All parties are to bear their own costs and attorneys'

21  fees.

22      27.   Pending the sale of the property, and the disposition of

23  the proceeds, the Court shall maintain jurisdiction to enforce the

24  terms of the Final Judgment of Forfeiture.

25      SO ORDERED THIS ____ day of _____, 2005.

26

27                          _____
                            ROBERT E. COYLE
28                          United States District Judge

                                    7

CERTIFICATE OF REASONABLE CAUSE

Pursuant to the allegations set forth in the Complaint for Forfeiture *In Rem* filed November 22, 2004, and the Stipulation for Final Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the posting of the defendant real property.

DATED ___9/21/2005___            ___/s/ ROBERT E. COYLE___
                                    ROBERT E. COYLE
                                    United States District Judge

8

LEGAL DESCRIPTION
5340 HAWVER ROAD
MOKELUMNE HILL, CA
APN: 016-024-057-000

Real property in the City of Mokelumne Hill, County of Calaveras, State of California, described as follows:

Parcel One:

A portion of the East Half of Section 28, Township 5 North, Range 12 East, M.D.B.& M., more particularly described as follows:

Beginning at a County Brass Cap set at the center of Section 28, Township 5 North, Range 12 East, M.D.B.& M., thence North 85 degrees 29' 29" East, 1226.16 feet to a brass cap stamped L.S. 3110; thence South 0 degrees 01' 01" East, 655.48 feet to the true point of beginning for the herein described parcel of land; thence continuing South 0 degrees 01' 01" East, 655.48 feet, thence North 83 degrees 52' 09" East, 294.905 feet; thence North 0 degrees 31' 37" East, 651.267 feet; thence South 84 degrees 41' 50" West, 300.688 feet to the true point of beginning, as shown on that certain Survey Map filed for record March 4, 1969, in Book 7 of Record of Surveys, page 126, Calaveras County Records.

APN: 16-024-57

TOGETHER WITH an easement for road and utility purposes 30 feet wide across the NorthWest Quarter of the Southeast Quarter of Section 28 Township 5 North, Range 12 East, M.D.B.& M., as granted to Robert V. Ish, et al, in Deed recorded April 3, 1968 in Book 252 of Official Records, at page 496, Calaveras County Records.

Said Easement is appurtenant to the West Half of the West Half of the Northeast Quarter of the Southeast Quarter of Section 28, Township 5 North, Range 12 East, M.D.B.& M.