```
McGREGOR W. SCOTT
United States Attorney
COURTNEY J. LINN
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone No. (916) 554-2700
```

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,            )<br>                                      )<br>                          Plaintiff, )<br>                                      )<br>       v.                             )<br>                                      )<br>REAL PROPERTY LOCATED AT 5340         )<br>HAWVER ROAD, MOKELUMNE HILL,          )<br>CALAVERAS COUNTY, CALIFORNIA,         )<br>APN: 016024057000, INCLUDING          )<br>ALL APPURTENANCES AND                 )<br>IMPROVEMENTS THERETO,                 )<br>                                      )<br>                          Defendant.  )<br>_____)<br>                                      )<br>WESLEY ROBERT CROSIAR, and            )<br>CONNIE JUNE CROSIAR                   )<br>                                      )<br>                          Claimants.  )<br>_____) | 1:04-CV-06594 REC LJO<br><br>AMENDED<br>FINAL JUDGMENT OF FORFEITURE |

Pursuant to the Stipulation for Final Judgment of Forfeiture filed herein, the Court finds:

1.  This is a civil forfeiture action against certain real property listed in the caption above.  The real property is more particularly described in Exhibit A, attached hereto and incorporated herein by reference.

2. A Complaint for Forfeiture <u>In Rem</u> was filed on November 22, 2004, seeking the forfeiture of the defendant real property, alleging that said property is subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(7).

3. On January 10, 2005, the defendant real property was posted with a copy of the complaint and notice of complaint.

4. On January 28, February 4 and 11, 2005, a Public Notice of Posting of defendant property appeared by publication in <u>Calaveras Enterprise</u>, a newspaper of general circulation in the county in which the defendant real property is located (Calaveras County).

5. In addition to the Public Notice of Posting having been completed, actual notice or attempted notice was acknowledged by the following:

    a. Wesley Robert Crosiar

    b. Connie June Crosiar

    c. Central Sierra Child Support Agency

    d. Amador County Family Support Division

    e. John C. Houg & Mitzi C. Houg [1]

6. Wesley Robert Crosiar and Connie June Crosiar have filed verified claims and answers alleging an interest in the defendant real property. Central Sierra Child Support Agency filed verified claims alleging an interest in the defendant real property. Central Sierra Child Support Agency filed a Withdrawal of Verified Claim on September 8, 2005.

7. No other parties have filed claims or answers in this

---

[1] Attempts to notice John C. Houg and Mitzi C. Houg have been returned to the U.S. Attorney's Office with no forwarding address. Claimants Wesley Robert Crosiar and Connie June Crosiar represent and warrant that the recorded lien interests of John C. Houg and Mitzi C. Houg have been fully satisfied.

matter and the time for which any person or entity may file a claim and answer has expired.

Based on the above findings, and the Court being otherwise fully advised in the premises, it is hereby

ORDERED AND ADJUDGED:

8. The Court adopts the Stipulation for Final Judgment of Forfeiture entered into by and between the parties to this action.

9. Claimants Wesley Robert Crosiar and Connie June Crosiar shall have 90 days from entry of this Final Judgment of Forfeiture to effectuate and complete a sale of the defendant real property in a commercially reasonable manner, using the services of a reputable title/escrow company.  Claimants Wesley Robert Crosiar and Connie June Crosiar shall instruct the title/escrow company handling the sale to send a check for $25,000.00 from the net proceeds made payable to the U.S. Marshals Service and sent to the U.S. Attorney's Office, Att: Asset Forfeiture Unit, 501 I Street, Suite 10-100, Sacramento, CA 95814.  All right, title, and interest in said funds shall be substituted for the defendant real property and forfeited to the United States pursuant to 21 U.S.C. § 881(a)(7), to be disposed of according to law.

10. Claimants shall inform the U.S. Attorney's Office once an offer has been accepted and provide contact information for the Title company handling the sale.  The government shall take all necessary steps to send a Withdrawal of Lis Pendens that can be recorded with the close of escrow.

11. If claimants Wesley Robert Crosiar and Connie June Crosiar are not able to complete a sale of the defendant real property by the 90th day after entry of this Final Judgment of Forfeiture, the

3

1 U.S. Marshals Service shall list the defendant real property for
2 sale.  The U.S. Marshals Service shall have sole authority to select
3 the means of sale, including sale by internet or through a licensed
4 real estate broker, and shall have sole authority over the marketing
5 and sale of defendant real property.

6     12.  The U.S. Marshals Service shall have the real property
7 appraised by a licensed appraiser of its choosing.  The U.S.
8 Marshals Service and the appraiser may have access to the defendant
9 real property and structures, buildings, or storage sheds thereon
10 upon 24 hours telephonic notice.

11     13.  If necessary, the U.S. Marshals Service, and any real
12 estate broker employed by the U.S. Marshals Service, shall have the
13 right to put a "lock box" on the property to facilitate the
14 marketing and sale of the property.

15     14.  The following costs, expenses and distributions shall be
16 paid in escrow from the gross sales price in the following priority
17 and to the extent funds are available:

18         (a)  The costs incurred by the U.S. Marshals Service
19             to the date of close of escrow, including the
20             cost of posting, service, advertising, and
21             maintenance.
22         (b)  Any unpaid real property taxes, which shall
23             be prorated as of the date of the entry of
24             the Final Judgment of Forfeiture.
25         (c)  A real estate commission not to exceed the U.S.
26             Marshals Service contractual brokerage fee.
27         (d)  The seller shall pay any county transfer taxes.
28         (e)  To the United States of America, the lesser of:

4

|   |   |   |
|---|---|---|
| 1 |  | 50% of the funds remaining after payments |
| 2 |  | pursuant to ¶ 14(a) thru (d) or $25,000.00.  All |
| 3 |  | right, title, and interest in said funds shall |
| 4 |  | be substituted for the defendant real property |
| 5 |  | and forfeited to the United States pursuant to |
| 6 |  | 21 U.S.C. § 881(a)(7), to be disposed of |
| 7 |  | according to law. |
| 8 | (f) | To Claimants Wesley Robert Crosiar and Connie |
| 9 |  | June Crosiar all funds remaining after payments |
| 10 |  | pursuant to ¶ 14(a) thru (e). |

15.  Any liens or encumbrances against defendant real property that appear on record subsequent to the recording of plaintiff's lis pendens on November 30, 2004, and prior to entry of the Final Judgment of Forfeiture herein may be paid out of escrow.

16.  The costs of a lender's policy of title insurance (ALTA policy) shall be paid for by the buyer.

17.  All loan fees, "points" and other costs of obtaining financing shall be paid for by the buyer of the defendant property.

18.  Each party shall execute all documents necessary to close escrow, if such signatures are required by the title insurer.

19.  All parties hereby release plaintiff United States of America and its servants, agents, and employees from any and all liability arising out of or in any way connected with the posting, forfeiture, or sale, of defendant real property.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said posting, forfeiture, or sale, as well as to those now known or disclosed.  The parties waive the provisions of California Civil Code § 1542.

1          20.   Claimants Wesley Robert Crosiar and Connie June Crosiar
2    shall maintain the defendant property in the same condition and
3    repair as existed as of the date of the posting, normal wear and
4    tear excepted, until they have vacated the premises.  The term
5    "maintain" shall include, but is not limited to, keeping the
6    property free of hazard and structural defects; keeping all heating,
7    air conditioning, plumbing, electrical, gas, oil, or other power
8    facilities in good working condition and repair; keeping the
9    property clean and performing such necessary sanitation and waste
10   removal; keeping the property in good condition by providing for
11   lawn and yard maintenance; and other ordinary and necessary items of
12   routine maintenance.
13         21.   Until the sale of the defendant real property, claimants
14   Wesley Robert Crosiar and Connie June Crosiar shall maintain all
15   insurance policies currently in effect with respect to the property,
16   including policies covering liability to persons injured on said
17   property and for property damage to the defendant real property.
18   Claimants Wesley Robert Crosiar and Connie June Crosiar shall
19   arrange for the inclusion of a rider to all of the above-mentioned
20   policies naming the U.S. Marshals Service as the primary beneficiary
21   of the insurance policy.
22         22.   Until the sale of the defendant real property, or until
23   otherwise required to vacate the property, claimants Wesley Robert
24   Crosiar and Connie June Crosiar shall allow the U.S. Marshals
25   Service personnel, or its agent, the right to enter and inspect the
26   property and all buildings thereon a monthly basis upon 24 hours
27   telephonic notice.
28         23.   Except as specifically provided herein, claimants Wesley

6

1  Robert Crosiar and Connie June Crosiar shall not convey, transfer,
2  encumber, lien, or otherwise pledge defendant real property without
3  the prior, written approval of the United States.
4      24.  Claimants Wesley Robert Crosiar and Connie June Crosiar
5  shall vacate defendant real property within ninety (90) days of
6  entry of this Final Judgment of Forfeiture.  Claimants further shall
7  remove all of their personal possessions, and the personal
8  possessions of any former occupant, including all vehicles,
9  furniture, and trash, and to leave the property clean and in the
10 same state of repair as the property was on the date it was posted.
11 Any and all of claimant's personal possessions, and the personal
12 possessions of any former occupant, not removed within thirty (30)
13 days prior to the close of escrow will be disposed of by the United
14 States without further notice.  Any cost incurred by the United
15 States to evict claimants or for disposal of personal possessions
16 shall be deducted from the payment to claimants Wesley Robert
17 Crosiar and Connie June Crosiar as set forth in ¶ 14(f) above.
18     25.  There was reasonable cause for the posting of defendant
19 property, and the Court may enter a Certificate of Reasonable Cause
20 pursuant to 28 U.S.C. § 2465.
21     26.  All parties are to bear their own costs and attorneys'
22 fees.
23     27.  Pending the sale of the property, and the disposition of
24 the proceeds, the Court shall maintain jurisdiction to enforce the
25 terms of the Final Judgment of Forfeiture.
26     SO ORDERED THIS 22ND    day of SEPTEMBER, 2005.
27
28                                           /s/ ROBERT E. COYLE

ROBERT E. COYLE
United States District Judge

CERTIFICATE OF REASONABLE CAUSE

Pursuant to the allegations set forth in the Complaint for Forfeiture *In Rem* filed November 22, 2004, and the Stipulation for Final Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the posting of the defendant real property.

DATED   9/22/2005                           /s/ ROBERT E. COYLE
                                            ROBERT E. COYLE
                                            United States District Judge

LEGAL DESCRIPTION
5340 HAWVER ROAD
MOKELUMNE HILL, CA
APN: 016-024-057-000

Real property in the City of Mokelumne Hill, County of Calaveras, State of California, described as follows:

Parcel One:

A portion of the East Half of Section 28, Township 5 North, Range 12 East, M.D.B.& M., more particularly described as follows:

Beginning at a County Brass Cap set at the center of Section 28, Township 5 North, Range 12 East, M.D.B.& M., thence North 85 degrees 29' 29" East, 1226.16 feet to a brass cap stamped L.S. 3110; thence South 0 degrees 01' 01" East, 655.48 feet to the true point of beginning for the herein described parcel of land; thence continuing South 0 degrees 01' 01" East, 655.48 feet, thence North 83 degrees 52' 09" East, 294.905 feet; thence North 0 degrees 31' 37" East, 651.267 feet; thence South 84 degrees 41' 50" West, 300.688 feet to the true point of beginning, as shown on that certain Survey Map filed for record March 4, 1969, in Book 7 of Record of Surveys, page 126, Calaveras County Records.

APN: 16-024-57

TOGETHER WITH an easement for road and utility purposes 30 feet wide across the NorthWest Quarter of the Southeast Quarter of Section 28 Township 5 North, Range 12 East, M.D.B.& M., as granted to Robert V. Ish, et al, in Deed recorded April 3, 1968 in Book 252 of Official Records, at page 496, Calaveras County Records.

Said Easement is appurtenant to the West Half of the West Half of the Northeast Quarter of the Southeast Quarter of Section 28, Township 5 North, Range 12 East, M.D.B.& M.